**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

|                         |   |                            |
|-------------------------|---|----------------------------|
| RAYMOND WATSON,         | : | **Hon. Jerome B. Simandle** |
|                         | : |                            |
|            Petitioner,  | : | Civil No. 05-0021 (JBS)    |
|                         | : |                            |
|        v.               | : |                            |
|                         | : |                            |
| JOHN NASH, et al.,      | : | **O P I N I O N**          |
|                         | : |                            |
|            Respondents. | : |                            |

**APPEARANCES:**

    RAYMOND WATSON, 39698-133
    F.C.I. Fort Dix
    P.O. Vox 2000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**SIMANDLE, District Judge**

    Petitioner Raymond Watson filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking restoration of 27 days of good conduct credits.  Because Respondents released Petitioner from custody upon the expiration of his sentence, the Court dismisses the Petition as moot.

**I.   BACKGROUND**

    Petitioner challenges the failure of the warden to restore 27 days of sentence-reducing good conduct time.  Petitioner asserts that he lost 27 days of good conduct time in 1996 as a disciplinary sanction.  He states that in May 2004 he requested that the warden restore his good conduct time pursuant to

authority granted the warden in Program Statement 541.11.  He asserts that the warden denied the request.  He alleges that he attempted to appeal the denial to the Central Office but his appeal was rejected.  Petitioner states that his unit team approved his placement in a community corrections center effective March 16, 2005, and that his sentence will expire on September 9, 2005.  He contends that he is entitled to have the 27 days of good conduct time restored.  He asks this Court to move up his CCC placement date and release date up by 27 days.

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because the Petition challenges the duration of Petitioner's confinement in the custody of BOP and Petitioner was in the custody of BOP at the time he filed the Petition.  See Spencer v. Kemna, 523 U.S. 1 (1998).  The question here is whether BOP's release of Petitioner upon expiration of his term of imprisonment caused the Petition to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution.  See Spencer, 523 U.S. at 7; DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Chong v. Dist. Dir., INS, 264 F.3d 378, 383 (3d Cir. 2001).

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties.  U.S. Const. art. III, § 2.  "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a

favorable judicial decision."  Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

In Spencer v. Kemna, supra, the Supreme Court considered whether a habeas petition challenging the revocation of the petitioner's parole became moot when the petitioner's sentence expired.  The Court explained that, because the reincarceration that the petitioner incurred as a result of the allegedly wrongful termination of his parole was over and the petitioner had not proved the existence of "collateral consequences" of the parole revocation, the petition was moot.  See also Preiser v. Newkirk, 422 U.S. 395, 402 (1975).

In this case, Petitioner challenges the failure to restore 27 days of good conduct time.  The Bureau of Prisons released Petitioner from its custody on September 9, 2005, upon the expiration of his term of imprisonment.  When the government released Petitioner from custody, the Petition became moot because Petitioner was no longer threatened with "an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7; see also United States v. Johnson, 529 U.S. 53 (2000) (statute addressing supervised release does not permit court to reduce period of supervised release even where BOP miscalculated term of imprisonment).  Accordingly, the Court dismisses the Petition as moot.

4

### III. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition as moot.

                                      **s/ Jerome B. Simandle**
                                      JEROME B. SIMANDLE, U.S.D.J.

Dated:    December 6   , 2005